HANSON et al., Respondents, *v.* WEBB, Appellant.

In an action brought to recover damages by the owners of a licensed ferry, against a party alleged to have run a ferry within the limits prohibited by law, it was held, that the complaint should have alleged that defendant ran his ferry for a fee or reward, or the promise or expectation of it, or that he ran it for other than his own personal use or that of his family, and that the omission of these allegations was fatal.

APPEAL from the Tenth Judicial District, Sutter County.

The complaint in this case stated that the plaintiffs were the owners of two ferries, regularly licensed, one by Sutter County Court of Sessions, and the other by Yuba County Court of Sessions, plying across Feather River, and that defendant ran a ferry from January to July, within a mile of plaintiffs' ferries, and that without license had from any court, &c., to the damage of plaintiffs, $5000.

The defendant demurred to the complaint.    The case (the demurrer having been overruled) was left to a jury, who found for plaintiff $600, for which judgment was entered, and from which defendant appealed.

*Hastings, Thomas,* and *Morse,* for appellant.

The 18th section of the Act of 18th March, 1851, giving a remedy to the owners of licensed ferries, subjects those only to

the prescribed penalties who "who shall, for fee or reward, or the expectation or promise thereof, set any person over any river or creek whereon public ferries are established," &c., and the Act of 29th April, 1851, section 1, exempts from the operation of the former act those who keep a ferry for their own personal use, or that of their family.

The exempting clauses should have been negatived in terms, or the complaint should have averred that defendant "ran a ferry, &c., for fee or reward, or the expectation thereof," or for other purposes than for his own or his family's use.   Chit. on Plead. 233, and cases cited Bac. Abr. Statute L.

*Walker,* for appellant.

If the omission in the complaint was a defect, it was cured by the verdict; the court below would not have suffered the question of damages to go to the jury, unless it appeared by the evidence that defendant was not protected by the 1st section of the act.   But it was not necessary for plaintiffs to show affirmatively that defendant did not come within the exception of the amended act.   After denying defendant's license, it was for him to show a license, or that he ran his ferry for his own or his family's use.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The declaration in this case is too defective to sustain the judgment.   It should have alleged that the defendant ran his ferry for fee or reward, or the promise or expectation of it, or that he ran it for other than his own personal use, or that of his family.   Such are the only events in which the statute does not give to the owner of a licensed ferry protection against the infringement of his franchise.

The general demurrer to the declaration was properly taken, and ought to have been sustained by the District Court.

The judgment is reversed, and the case remanded.